IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(OWENSBORO DIVISION)

STEPHANIE BUCHANAN                                      PLAINTIFFS

7195 Joseph Court
Owensboro, Kentucky 42301

AND

BOBBY DARRELL BUCHANAN          Case No. 4:15-CV-125-JHM

7195 Joseph Court
Owensboro, Kentucky 42301       Chief Judge Joseph H. McKinley, Jr.


v.


ENHANCED RECOVERY COMPANY, LLC                         DEFENDANTS

8014 Bayberry Road
Jacksonville, Florida 32256

      SERVE:      KENTUCKY SECRETARY OF STATE

AND

EQUIFAX INFORMATION SERVICES, LLC

1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:      CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC

555 W. Adams Street
Chicago, Illinois 60661

SERVE:        The Prentice Hall Corporation System
              421 W. Main Street
              Frankfort, Kentucky 40601
              (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE:        CT Corporation System
              818 West Seventh Street, 2nd Floor Agent
              Los Angeles, CA 90017
              BY KENTUCKY SECRETARY OF STATE

** ** ** **

## VERIFIED COMPLAINT

Come the Plaintiffs, Stephanie Buchanan and Bobby Darrell Buchanan, by counsel, and for their Verified Complaint against the Defendants, Enhanced Recovery Company, LLC ("ERC"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian) state as follows:

## I.  PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of ERC's false reporting to Equifax, Trans Union and Experian of alleged delinquent debts of the Plaintiffs and the Equifax's, Trans Union's, and Experian's failure to correct their reporting on Plaintiffs' credit reports.

## II.  PARTIES

2.      Plaintiff, Stephanie Buchanan, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 7195 Joseph Court, Owensboro, Kentucky 42301. Mrs. Buchanan is the spouse of Plaintiff, Bobby Darrell Buchanan.

3.      Plaintiff, Bobby Darrell Buchanan, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 7195 Joseph Court, Owensboro, Kentucky 42301. Mr. Buchanan is the spouse of Plaintiff, Stephanie Buchanan.

4.      Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5.      Defendant, Enhanced Recovery, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

6.      Enhanced Recovery is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

8.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

10.     Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams St., Chicago, Illinois, 60661.

11.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

12.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

13.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

14.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

15.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

16.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Daviess County, Kentucky as a result of the Defendants' doing business in Daviess County, Kentucky.

### IV.  FACTUAL BACKGROUND

17.     In or around April 2015, Plaintiffs, who were in the process of attempting to secure mortgage financing, accessed their Equifax, Trans Union and Experian credit reports.

18.     In accessing her Equifax credit report, Plaintiff Stephanie Buchanan discovered a derogatory collections entry furnished by Defendant ERC regarding an alleged past due collections account in the amount of $279 for a debt allegedly owed to Time Warner.  ERC's derogatory entry indicated that the account was opened in April 2014.  Mrs. Buchanan, however, has not been a Time Warner customer since 2007.

19.     Mrs. Buchanan, immediately upon discovering the derogatory entry, filed a dispute with Equifax concerning the derogatory entry furnished by ERC.

20.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, ERC and Equifax have failed to remove the disputed item from Mrs. Buchanan's Equifax credit report.  The Defendants did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following the Defendants' receipt of Plaintiff's dispute.

21.     Also in or around April 2015, Plaintiff, Bobby Darrell Buchanan accessed his Equifax, Trans Union, and Experian credit reports.

22.     In accessing his Equifax, Trans Union and Experian credit reports, Mr. Buchanan discovered derogatory collections entries furnished by Defendant ERC regarding two alleged past due collections accounts totaling $339 for a debt allegedly owed by Mr. Buchanan to AT&T.  Mr. Buchanan is currently an AT&T customer and has never been apprised by AT&T of any overdue accounts.

23.     Mr. Buchanan, immediately upon discovering the derogatory entries, filed disputes with Equifax, Trans Union and Experian concerning the derogatory entries furnished by ERC.

24.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, ERC and Equifax have failed to remove the disputed item from Mr. Buchanan's Equifax, Trans Union and Experian credit reports.  The Defendants did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following the Defendants' receipt of Plaintiff's dispute.

25.     The Defendants' actions have damaged Plaintiffs in that Plaintiffs have been denied

credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged past due collections accounts.

## V.  CLAIMS

### Negligence – ERC

26.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Enhanced Recovery's false reporting to Equifax, Trans Union and Experian regarding the Plaintiffs' alleged collections accounts was negligent under applicable law.  In falsely reporting the alleged collections account, Enhanced Recovery breached its duty to Plaintiffs to report accurate information regarding Plaintiffs' credit histories and acted with conscious disregard for Plaintiffs' rights.

28.     Enhanced Recovery's false reporting to Equifax, Trans Union, and Experian regarding the alleged collections accounts has caused and continues to cause damage to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit ratings, and other compensatory and consequential damages.  Enhanced Recovery's false reporting to Equifax, Trans Union, and Experian regarding the alleged past due accounts was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligence - Equifax

29.      Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Equifax's failure to remove ERC's false reports of Plaintiffs' alleged Time Warner and AT&T accounts from Plaintiffs' Equifax credit reports, despite Plaintiffs' lawful notices to Equifax of the falsity of the reports, was negligent.  In failing to remove ERC's derogatory entries,

Equifax breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiffs, and acted with conscious disregard for Plaintiffs' rights.

31.     Equifax's negligent failure to remove ERC's derogatory entries from Plaintiffs' Equifax credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

32.     Equifax's failure to remove ERC's derogatory entries from Plaintiffs' credit reports, despite Plaintiffs' lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

Negligence – Trans Union

33.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Trans Union's failure to remove ERC's false report of Plaintiff, Bobby Darrell Buchanan's alleged AT&T collections accounts from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.  In failing to remove ERC's derogatory entries, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

35.     Trans Union's negligent failure to remove ERC's derogatory entries from Mr. Buchanan's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

36.     Trans Union's failure to remove ERC's derogatory entries from Mr. Buchanan's

credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

37.    Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.    Experian's failure to remove ERC's false report of Plaintiff, Bobby Darrell Buchanan's alleged AT&T collections accounts from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian of the falsity of the report, was negligent.  In failing to remove ERC's derogatory entries, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

39.    Experian's negligent failure to remove ERC's derogatory entries from Mr. Buchanan's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40.    Experian's failure to remove ERC's derogatory entries from Mr. Buchanan's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – ERC

41.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.    ERC, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, Experian and other currently unknown individuals and/or entities who have accessed Plaintiffs' credit reports,

8

that Plaintiffs have past due account balances with AT&T and Time Warner.  ERC's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

43.     ERC's publication of false statements regarding Plaintiffs' creditworthiness and Plaintiffs' alleged account balances amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

44.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC and other currently unknown entities and/or individuals who have accessed Plaintiffs' Equifax credit reports, that Plaintiffs have past due account balances with AT&T and Time Warner.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

46.     Equifax's publication of false statements regarding Plaintiffs' creditworthiness and Plaintiffs' alleged account balances amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

47.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC and other currently unknown entities and/or individuals who have accessed Plaintiff, Bobby Darrell Buchanan's Trans Union credit report, that Plaintiff has a past due account balance with AT&T.  Trans Union's

statements were false and were made with conscious disregard for the rights of the Plaintiff.

49.     Trans Union's publication of false statements regarding Mr. Buchanan's creditworthiness and Plaintiff's alleged account balance amounts to defamation and defamation *per se* of the Plaintiff entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

50.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC and other currently unknown entities and/or individuals who have accessed Plaintiff, Bobby Darrell Buchanan's Experian credit report, that Plaintiff has a past due account balance with AT&T.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52.     Experian's publication of false statements regarding Mr. Buchanan's creditworthiness and Plaintiff's alleged account balance amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act - ERC

53.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54.     ERC's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiffs' alleged past due AT&T and Time Warner accounts is a violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

55.    ERC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ERC is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

56.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.    Equifax's failure to remove the disputed items from Plaintiffs' Equifax credit reports despite knowledge of the falsity of the disputed items is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58.    Equifax's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiffs' credit report within a reasonable time following Equifax's receipt of Plaintiffs' disputes is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

59.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.    Trans Union's failure to remove the disputed item from Plaintiff, Bobby Darrell Buchanan's Trans Union credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under

15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Tran Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

62.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     Experian's failure to remove the disputed item from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – ERC**

65.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.    ERC's continuing false reporting to Equifax, Trans Union and Experian of Plaintiffs' alleged account balances, despite ERC's knowledge of the falsity of its reporting, is a willful violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

67.    Given ERC's knowledge of the falsity of its reporting, ERC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

68.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.    Equifax's failure to remove the items from Plaintiffs' credit report despite knowledge of the falsity of the disputed items is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70.    Equifax's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiffs' disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

71.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA

as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

72.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.     Trans Union's failure to remove the disputed item from Plaintiff, Bobby Darrell Buchanan's credit report despite knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

76.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     Experian's failure to remove the disputed item from Plaintiff, Bobby Darrell Buchanan's Experian credit report despite knowledge of the falsity of the disputed item is a willful

violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiffs, Stephanie Buchanan and Bobby Darrell Buchanan, respectfully demand the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY  40202
Phone, (502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Stephanie Buchanan, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Stephanie Buchanan

COMMONWEALTH OF KENTUCKY          )
                                                                     )  SS
COUNTY OF DAVIESS                             )

Subscribed, sworn to and acknowledged before me by Stephanie Buchanan this ___ day of _____, 2015.

_____
Notary Public

Commission expires:_____

## **VERIFICATION**

I, Bobby Darrell Buchanan, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Bobby Darrell Buchanan

COMMONWEALTH OF KENTUCKY     )
                                    ) SS
COUNTY OF DAVIESS               )

Subscribed, sworn to and acknowledged before me by Bobby Darrell Buchanan this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____

17